9661

KELLY v. KEYSTONE LUMBER CO.

(91 S. E. 978.).

MASTER AND SERVANT—INJURIES TO SERVANT—ASSUMPTION OF RISK.—In an action for injuries sustained while operating defendant's skidder, caused by the breaking of a chain used in securing the skidder which both plaintiff and defendant knew was defective, as assumption of risk is an affirmative defense, the Court properly refused to direct a

verdict for defendant in the absence of evidence that plaintiff had reason to believe that there was danger to himself from such defect.

Before SHIPP, J., Bennettsville, Spring term, 1916. Affirmed.

Action by Don Kelly against the Keystone Lumber Company. Judgment for plaintiff, and defendant appeals.

The appellant states his case as follows:

"Don Kelly, on the 28th day of October, 1913, while in the employ of the Keystone Lumber Company, 'and attending to his regular duties,' was struck on the right side and on the right arm by a rope that was used in rigging up a skidder. The skidder, at this time, was on an ordinary flat car. The track had been built out in the woods, and headed toward a tree, and at this point the machine was in operation. The bull block was rigged up to this tree by means of a chain, to which was attached a rope, holding the bull block, or pulley arrangements, steady. The chain to the tree holding the derrick or bull block in place gave way, and the rope, striking Don Kelly, injured him.

"The plaintiff, Don Kelly, in operating this skidder, was in charge of the throttle of the engine, and also of the friction lever which controls the drum. When the engine is running and the lever released the cable is unwound from the drum, taken out into the woods, fastened to the saw stock, the signal given to the man operating the skidder, and by pressing the lever down, this cable is tightened and the log drawn in and loaded on a car. This pull throws pressure on the chain that holds the bull block in position, and it was at the time the saw stock was being thrown in and the pressure was on this chain that it gave way and struck Kelly, who was on the flat car where the skidder was stationed. The strain upon the cable, and consequently upon the bull block, is regulated by pressure upon the friction lever in charge of operator.

7—107.

"This way of rigging up a skidder is the usual and ordinary way of doing this work. The chain gave way at this time because of the fact that it was defective. Don Kelly knew that the chain was defective, and continued to work it without being told to do so after the defect was noted, and without being promised that the chain would be repaired. Don Kelly was 24 years old on the 27th day of September, 1915. Therefore he was about 22 years old when the accident occurred.

"The sole question before the Court at this time is whether or not Don Kelly assumed the risk of the injury which he afterwards sustained."

*Mr. J. K. Owens,* for appellant, distinguishes: 103 S. C. 102; 104 S. C. 452 and 411; 89 S. C. 387. *As to assumption of risk,* cites: 18 S. C. 278; 102 S. C. 402; 85 S. C. 363; 233 U. S. 473; 55 L. R. A. (N. S.) 1915c, 47. *The case at bar does not fall within the doctrine announced in the line of cases holding that with knowledge of the defect and of the danger the employee may continue in order to meet an extraordinary. emergency:* 66 S. C. 204; 18 S. C. 280; 48 S. C. 384; 52 S. C. 443; 61 S. C. 478. *Nor does the case at bar fall within the rule recognized where the employee, knowing the defect, continues the work, relying upon the master's assurances of safety, or promise of reparation:* 55 S. C. 100; 72 S. C. 346; 21 S. C. 547; 72 S. C. 264; 72 S. C. 102; 80 S. C. 232; 72 S. C. 237.

*Messrs. Gibson, Muller & Tison,* for respondent, cite: *As to assumption of risk:* 13 Cyc. 761; 26 Cyc. 1196-1202; 191 U. S. 64; 233 U. S. 492; 99 S. C. 374; 102 S. C. 402; 80 S. C. 238; 61 S. C. 468.

March 29, 1917.

The opinion of the Court (reciting the above statement of facts) was delivered by MR. JUSTICE FRASER.

The appliances were defective, and the plaintiff knew it. In *Baldwin* v. *Piedmont Mfg. Co.* 102 S. C., at page 409, 86 S. E., at page 381, we find:

"There being no question of the master's negligence, then the master assumed the burden of proving its affirmative defense of assumption of risk. The master is not liable for obvious risks caused by his negligence, or those of which the servant knew. The servant assumed the risk of those. The question was, What was the risk in wiping off the machine? Was it the thrusting of the hand too far into the machine, or was it that the hand would be jerked into the machine? The plaintiff admitted that he knew if he thrust his hand too far into the machine he would be hurt. He did not admit that he knew that his hand was liable to be jerked into the machine, and there was no proof that he knew or ought to have known or assumed this risk."

There may be defects in a machine that impede its operation. There may be defects in a machine that are dangerous to the operator. There is not a word in the case (the defendant's evidence is not in the record) to show that the operator had reason to believe that there was danger to himself.

Assumption of risk is an affirmative defense and his Honor, Judge Shipp, could not have directed a verdict.

The exception is overruled, and the judgment affirmed.